UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

|  |  |  |
|---|---|---|
| EDWARD POLEN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 6:20-cv-146-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, USP-McCREARY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Edward Polen is currently serving a federal sentence on home confinement.  Polen was previously incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky, and while at USP-McCreary, Polen filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence.  [R. 1; *see also* R. 5.]  The Warden has now responded to Polen's claims, and the matter is ripe for the Court's review.  For the reasons that follow, Polen's request for habeas relief will be **DENIED**.

In his petition, Polen challenges the way the Federal Bureau of Prisons is calculating his sentence.  Specifically, he claims he should be given credit for an additional seventeen months of time served towards his federal sentence.  [R. 5.]  However, a review of Polen's incarceration history demonstrates otherwise.

On March 29, 2011, Tennessee state authorities arrested Polen on theft of property and fraud securities charges. Then, on January 18, 2012, Polen was transferred to the United States Marshals Service on a federal writ of habeas corpus *ad prosequendum.*[1]  *See United States v. Polen*, et al., Case No. 3:12-cr-06-1 (M.D. Tenn. 2012), at R. 3, R. 4 therein. On June 15, 2012, Polen was transferred back to Tennessee state custody, and he was sentenced to a twelve-year term of imprisonment by the Davidson County Criminal Court. [R. 14 at 4-5; R. 14-1 at 12.] Then, on August 9, 2012, Polen was once again transferred to the United States Marshals Service via the writ of habeas corpus *ad prosequendum.* [*See* R. 14-1 at 8.] Polen remained in federal custody until he was sentenced to a seventy-one month term of imprisonment on December 19, 2013. *See Polen*, 3:12-cr-06-01, at R. 65 therein. Afterwards, on December 27, 2013, Polen returned to Tennessee state custody with a federal detainer. [R. 14-1 at 12.] Finally, on June 25, 2018, Polen paroled from the custody of the Tennessee Department of Corrections and, pursuant to the detainer, exclusively entered federal custody and commenced the service of his federal sentence. [*Id.*; *see also* R. 14 at 5.]

To summarize, Polen was (1) arrested by the state of Tennessee, (2) transferred to federal custody, (3) returned to Tennessee state custody and sentenced

---

[1] In federal court, Polen was indicted for and ultimately convicted of various bank, mail, and wire fraud crimes.

2

in state court, (4) transferred back to federal custody and sentenced in federal court, (5) returned to Tennessee state custody and incarcerated for the remainder of his state sentence, and (6) transferred back to federal custody to serve time on his federal sentence.  In the present case, Polen challenges the fourth leg of the journey, claiming that time should be credited to the seventy-one month federal sentence he is currently serving in the custody of the Federal Bureau of Prisons.

How to credit an inmate's time in custody depends significantly on the concept of primary jurisdiction.  "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody or, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).  "If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." *Id.* at 896-97.  Primary jurisdiction continues until a sovereign specifically relinquishes it, generally through release on bail, dismissal or charges, parole, or expiration of the sentence.  *Id.* at 897.

Accordingly, because Polen was first charged and arrested in Tennessee, the state of Tennessee enjoyed primary jurisdiction over him.  And when Polen was transferred to federal custody pursuant to the writ of habeas corpus *ad prosequendum* (both in January 2012 and August 2012), he remained under the state of Tennessee's

primary jurisdiction. Although Polen was in the custody of the United States Marshals during those periods of time—including the time period in question, from August 2012 through December 2013—he was simply "on loan" to them. *See id.*

Furthermore, pursuant to 18 U.S.C. § 3585(b), an inmate may not receive credit for a period of incarceration twice. In Polen's case, the time from the issuance of the first writ (January 2012) until his final transfer back to state custody (December 2013) was ultimately credited towards his state sentence. [*See, e.g.,* R. 14 at 6; R. 14-1 at 12-13, 18-23.] Because Polen "received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his . . . federal sentence. If [Polen] were credited for this time against his current federal sentence, he would receive improper double credit." *Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) (citing 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)).

Finally, the Court notes that Polen has not challenged any of the evidence presented by the Warden on these calculations. In addition to filing a copy of Polen's Presentence Investigation Report, the Warden filed sixty-three pages of affidavits and supporting documents explaining the relevant concepts and dates relied upon by the Court herein. [*See* R. 14-1; R. 16.] Polen was provided with an opportunity to reply to the Warden's brief [*see* R. 12 at 2], but he chose not to do so.

4

Ultimately, the record makes clear that the time Polen spent on the writ of habeas corpus *ad prosequendum* should not be credited towards the federal sentence Polen is currently serving.  The Federal Bureau of Prisons is correct in excluding that time.  Therefore, and being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1.    Polen's petition for a writ of habeas corpus [R. 5] is **DENIED**;

2.    Judgment shall be entered contemporaneously herewith; and

3.    This case is **CLOSED** and **STRICKEN** from the Court's docket.

This the 17th day of March, 2021.

**Signed By:**

*Henry R Wilhoit Jr.*

**United States District Judge**

5